# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FAHAD SYED, <br><br> Plaintiff, <br><br> v. <br><br> NORTHWESTERN UNIVERSITY, <br><br> Defendant. | Case No. 1:21-cv-267 |

## NOTICE OF REMOVAL

Defendant Northwestern University ("Northwestern") hereby removes Case No. 2021 CH 00106 from the Circuit Court of Cook County, Illinois (the "State Court Action"), to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and as grounds for its removal states as follows:

1. As of the date of this Notice of Removal, Northwestern has not been served with a Complaint or Summons in this matter and is not aware that any Complaint or Summons has been filed.

2. On or about January 11, 2021, Plaintiff Fahad Syed ("Plaintiff") filed in the State Court Action a document titled: Plaintiff's Application for Preliminary Injunction, Temporary Restraining Order, and Expedited Discovery against Northwestern University (the "Motion"). A copy of the Motion is attached as Exhibit A.

3. In the Motion, Plaintiff purports to assert the following causes of action: (1) disability-based discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"); (2) disability-based discrimination under Section 504 of the Rehabilitation Act

1

HB: 4816-8618-2614.2

of 1973, 29 U.S.C. § 701, *et seq.* ("Section 504"); and (3) sex-based discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX"). *See* Ex. A at 3.

4. The Motion seeks a temporary restraining order that would, by means of a mandatory injunction, overturn Northwestern's well-considered decision – made in accordance with its internal student disciplinary procedures and communicated to Plaintiff on December 22, 2020 – to expel Plaintiff for multiple acts of serious misconduct that posed a significant threat to the safety of the campus community. The temporary restraining order would reinstate Plaintiff as a student despite Northwestern's exercise of academic judgment in determining that Plaintiff should be expelled, given the nature of his conduct and his previous disciplinary history and despite the fact that Plaintiff's internal appeal challenging that decision remains pending as of the filing of this Notice of Removal.

5. The Motion also seeks a preliminary injunction against Northwestern as well as expedited discovery. *See id.*

**Federal Question Jurisdiction under 28 U.S.C. §§ 1331 and 1441**

6. 28 U.S.C. § 1331 ("Section 1331") provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because all of Plaintiff's purported claims arise under laws of the United States—specifically, the ADA, Section 504, and Title IX.

8. Pursuant to 28 U.S.C. § 1441 ("Section 1441"), this action is therefore removable. Section 1441 provides that "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to

the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### All Procedural Requirements for Removal Have Been Satisfied

9. Pursuant to 28 U.S.C. § 1446, a true and correct copy of all process, pleadings, and orders served upon Northwestern in the State Court Action are being filed with this Notice of Removal. The Motion is attached hereto as **Exhibit A**. The remaining documents that Plaintiff has served upon Northwestern in the State Court Action are attached hereto as composite **Exhibit B**.[1]

10. The Notice of Removal has been filed within 30 days of the date on which Plaintiff filed the Motion in the State Court Action. Removal is therefore timely in accordance with 28 U.S.C. § 1331.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Northern District of Illinois is the federal judicial district for the Circuit Court of Cook County, Illinois, where the Motion was originally filed.

12. By this Notice of Removal, Northwestern University does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses or objections it may have to this action. Northwestern intends no admission of fact, law, or liability by this Notice of Removal and expressly reserves all defenses, motions, and/or pleas. Indeed, Northwestern looks forward to demonstrating, in response to any motion for a temporary restraining order or preliminary injunction that Plaintiff might properly file and notice before this Court, why Plaintiff is not entitled to any such relief and why all of his legal claims are without merit.

---

[1] Names and other personally identifiable information of other students have been redacted from Exhibits A and B to protect their privacy pursuant to the Family Educational Rights and Privacy Act, 20 U.S.C. §1232g; 34 CFR Part 99. These redactions are shown in white with the word "Redacted." Redactions that Plaintiff has made to these documents are shown in black.

HB: 4816-8618-2614.2

DATED:  January 15, 2021       Respectfully submitted,

HUSCH BLACKWELL LLP

/s/Scott L. Warner

Scott L. Warner
Karen L. Courtheoux
scott.warner@huschblackwell.com
karen.courtheoux@huschblackwell.com
Husch Blackwell LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL  60606
(312) 655-1500

*Attorneys for Northwestern University*

4

HB: 4816-8618-2614.2

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served electronically via ECF notification to all parties of record:

***Fahad Syed***
***244 E. Pearson St. – Apt. 711***
***Chicago, IL 60611***
***(773) 564-0325***
***Syed.216@gmail.com***

on or before the 15th day of January 2021.

                                                                  */s/* Scott L. Warner
                                                                    Scott L. Warner

HB: 4816-8618-2614.2