IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FAHAD SYED, <br><br> Plaintiff, <br><br> v. <br><br> NORTHWESTERN UNIVERSITY, et. al. <br><br> Defendants. | Case No. 21-cv-00267 <br><br> Judge Mary M. Rowland |

## ORDER

As stated in Minute Entry Dkt. 132, Plaintiff Fahad Syed's motion to proceed *in forma pauperis* [94] is granted. Upon initial review, the Court dismisses several defendants from the suit, detailed below.

## STATEMENT

Plaintiff Fahad Syed brings this *pro se* lawsuit against Northwestern University and over fifty other defendants. Syed brings a wide variety of state and federal claims. The core issues discussed in the Complaint, however, have to do with Northwestern's suspension and expulsion of Syed, as well as the underlying events the prompted the suspensions. Before the Court is Syed's application to proceed *in forma pauperis* ("IFP") and Complaint for initial review under 29 U.S.C. § 1915A.

**1. Syed's Application to Proceed IFP Is Granted**

As stated in Minute Entry Dkt. 132, Syed's application to proceed IFP is granted. The application shows that Syed has been unemployed for over a year, has

substantial debt, and currently relies on public assistance. Dkt. 38. This is enough to qualify Syed for IFP.

## 2. Initial Review of Plaintiff's Complaint

### A. Legal Standard

The Court next considers Syed's Amended Complaint. Dkt. 97. The Court's Order denying Syed's Motion for a Preliminary Injunction, entered concurrently with this Order, outlines the basic allegations of Syed's suit. Because Syed is seeking to proceed IFP, the Complaint is governed by 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of (1) "frivolous" claims, § 1915(e)(2)(B)(i), *see Vey v. Clinton*, 520 U.S. 937, 937 (1997); (2) complaints that fail to state a claim, § 1915(e)(2)(B)(ii), *Jaros v. IDOC*, 684 F.3d 667, 669 n.1 (7th Cir. 2012); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); and (3) complaints that seek monetary damages against a defendant who is immune from such damages, § 1915(e)(2)(B)(iii). Section 1915(e)(2) applies to all litigants who seek to proceed IFP not just prisoners. *See Vey*, 520 U.S. at 937 (denying IFP status to file certiorari petition from appeal and applying § 1915(e)(2)(B)(i) to non-inmate); *Jaros*, 684 F.3d at 669 n.1 (explaining that § 1915(e)(2) screening applies to non-prisoner suits); *Rowe*, 196 F.3d at 783. In addressing any *pro se* litigant's complaint, the Court must construe the complaint expansively. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). If there is an arguable basis for a claim in fact or law, then leave to proceed will be granted. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). But dismissal of the complaint is the proper course where it is clearly baseless or fanciful, *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), or fails to state a claim, § 1915(e)(2)(B)(ii), or seeks

monetary damages against a defendant who is immune from such damages, § 1915(e)(2)(B)(iii).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

In screening a lawsuit, the Court also must ensure that the parties and claims are properly joined. The Federal Rules of Civil Procedure provide rules for joining claims and defendants into a single lawsuit. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (citing Fed. R. Civ. P. 18, 20). In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Seventh Circuit explained the rules as follows:

> A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party. Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

Unrelated claims against unrelated defendants belong in different lawsuits. *See George*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F.App'x 151, 152 (7th Cir. 2017). The

3

Court also has the discretion to sever properly joined claims that are "discrete and separate" when doing so is in the interest of judicial economy. *Vermillion v. Levenhagen*, 604 F. App'x 508, 513 (7th Cir. 2015) (citing Fed. R. Civ. P. 21).

**B. Improperly Joined Parties**

Consistent with the screening requirements of 28 U.S.C. § 1915(e), the Court has reviewed the multiple claims asserted against the over fifty defendants that Syed named in his Complaint to ensure that they are properly joined. Such review is especially important "when the sheer number of defendants waves a joinder red flag." *Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 186 (N.D. Ill. 2020). While the Court reads *pro se* complaints expansively, even *pro se* litigants must follow rules of civil procedure. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). Ensuring that the case is limited to properly joined parties is critical to ensuring the efficient and accurate resolution of the claims, avoiding the "enormous time and effort" that would be required to evaluate disparate claims "absent actual connections between the defendants." *Estee Lauder* 334 F.R.D. at 186. In its review, the Court has determined that the following individuals and groups of defendants will be dismissed.[1]

*The Students*

Syed names thirteen former classmates of his from Northwestern's law school in his Complaint. Based on the allegations brought against them, they can be divided into two groups. The first consists of Usama Ibrahim, Osama Alkhawja, and Muaaz

---

[1] Importantly, the Court takes no view on the validity or joinder of the parties or claims not explicitly discussed in this order. This is simply a first review of the Complaint.

Maksud. They were present at the law school event Syed attended on November 1, 2019. Syed says he was attacked by them and falsely accused of assault, events which led to Northwestern suspending him.

Syed brings several state law claims against these students. He also brings five federal claims, four alleging constitutional violations under 42 U.S.C. § 1983 and one alleging a conspiracy to violate constitutional rights under 42 U.S.C. § 1985. Section 1983 only permits suits against individuals who "acted under color of state law." *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005). An individual acts under color of state law if their actions "may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). In this case, students at a private university called the police and made allegedly false allegations. State action can be established in a variety of ways, but the only potentially applicable one here is when private actors have conspired with the state to deprive an individual of their constitutional rights. *See Hallinan v. Fraternal Ord. of Police of Chicago Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009) (describing circumstances when the Seventh Circuit has found state action by private individuals).

Syed has failed to plead facts suggesting that these students conspired with any state actors. Putting aside some conclusory assertions, Syed's factual allegations are that the students attacked and restrained Syed, called the Northwestern police, and then falsely told the responding officers Syed had attacked them. There is no suggestion that the officers had a previous understanding with the students or that they worked in concert. Reading the Complaint generously, Syed does not state a

5

conspiracy between the police and the students. Syed's § 1983 counts against the students thus cannot state a claim and do not survive screening.

Syed's § 1985 claim fails for the same reason. Section 1985 provides a cause of action for conspiracies by private individuals to violate one's constitutional rights. When that civil right, however, protects individuals against some state action particularly, like the Fourteenth Amendment's guarantee of equal protection of the law, then a showing of state involvement must still be made. *See United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 831 (1983). Here, the basis of Syed's claim is unclear, but it is most reasonably read as restating his other Fourth Amendment claims. But, of course, "search or seizure by a private party does not implicate the Fourth Amendment." *United States v. Shahid*, 117 F.3d 322, 325 (7th Cir. 1997). To state a claim, Syed would need to sufficiently articulate some state involvement in the alleged conspiracy, which, as discussed, he has failed to do. Syed's federal claims against these students are dismissed with prejudice.

Syed's only remaining claims against these students are state law claims, over which the Court exercises supplemental jurisdiction. *See* 28 U.S.C. § 1367. However, the Court may decline to exercise jurisdiction over a claim if the state law claims substantially predominates over the federal claim or all the federal claims have been dismissed. § 1367(c)(2)-(3). As to Ibrahim, Alkhawja, and Maksud, state law claims clearly predominate. Given the size and complexity of the instant lawsuit, the Court believes that judicial economy favors resolving their claims in state court. As a result,

6

the Court declines to exercise supplemental jurisdiction over these defendants and so the state law claims are dismissed without prejudice.

Syed also brings claims against a second set of students, consisting of Adrienne Ou, Meegan Mayer, Ishani Choksi, Wren Chernoff, Andrew Lang-Reyes, Evangeline Gargula, Gloria Cange, Jake Besanceney, Tessa Weil, and Jaina Solo. Syed's claims against these students arise from the various forms of harassment he says he suffered when he reenrolled at the law school in 2020. Here, again, most Syed's claims are based in state law, but he also brings § 1983 and § 1985 claims against the student defendants.

Both federal claims must be dismissed with prejudice. As we said above, a § 1983 claim in this context would require showing that the students conspired with a state actor to deprive Syed of his rights. But none the § 1983 claims against these students allege the involvement of any state actor.[2] Instead, Syed suggests that they conspired among themselves and with Northwestern, a private university. As a result, the § 1983 claim fail.

The § 1985 claim is similarly flawed. Syed suggests that the students conspired among themselves and with Northwestern to deprive Syed of his "property" interest in his education without due process, in violation of the Fourteenth Amendment. He also states that they conspired to violate his Fourth Amendment right against unlawful seizure. But the Fourth and Fourteenth Amendments prohibit certain state

---

[2] The exceptions are Count 150 and 151, § 1983 claims against all defendants. These counts, however, fail to state any specific allegations suggesting a conspiracy between the student defendants and any state actors.

7

actions, not purely private actions. Because a violation of the Fourteenth Amendment requires state action, Syed's failure to plausibly plead a conspiracy involving the students and state actors dooms the claims.

With these federal claims dismissed with prejudice, only state law clams remain against the remaining students. Again, the Court feels it is in the interest of judicial economy to decline supplemental jurisdiction over these claims. Syed's state law claims against these students are dismissed without prejudice.

*Evanston*

The Court next considers Syed's claims against the City of Evanston, the Evanston Police Department, and Evanston police officers Jones, Cepiel, Pack, and Svendsen. Syed's complaint against Evanston arise from his November 2020 arrest and mistreatment by Evanston police. He was arrested for allegedly violating a no-contact order put in place against him for Mona Dugo, a Northwestern administrator. Syed raises numerous state and federal issues with the arrest, including claiming it constituted assault, that it violated his First Amendment rights, and that he was not given a *Miranda* warning while in custody. Syed also states that the arrest was caused by Dugo falsely reporting that he had violated the order in retaliation for his speaking out against Northwestern's discrimination, and that the Evanston Police Department conspired with Dugo and Northwestern police to effectuate the unlawful arrest.

In order for multiple defendants to be properly joined in a single lawsuit, there must be an identifiable "question of law or fact common to all defendants." Fed. R.

8

Civ. P. 20. In this case, Syed's complaints against Evanston are exclusively related to the circumstances and character of his arrest and interrogation in November 2020. Resolving these claims would be a legally and factually distinct exercise from evaluating whether Syed's claims related to his suspensions and eventual expulsion from Northwestern. Lacking a common factual question, the Evanston defendants are not properly joined to this lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The Court acknowledges that Syed alleges that Evanston police conspired with Dugo and a Northwestern police officer, and that Dugo was motivated by a desire to retaliate against Syed for his protected speech. But this thin connection to Syed's other complaints is not enough to demonstrate a common question of fact shared with all the other defendants. What is more, judicial economy would only be hampered by keeping these defendants and widening the scope of an already wide-ranging lawsuit. Thus, even if a common issue could be identified, the Court would nevertheless separate these "discrete and separate claims" under its Federal Rule of Civil Procedure 21 discretion. *Vermillion v. Levenhagen*, 604 F. App'x 508, 513 (7th Cir. 2015). While Syed may bring a separate suit against Evanston and its police officers, they are dismissed without prejudice from this case.

*Chicago*

For the same reasons, Syed's claims against the City of Chicago, the Chicago Police Department, and officers Ustaszewski and Coleman must be dismissed. Syed asserts various state and federal claims against these defendants, primarily related to the police department's failure to investigate eavesdropping and hate crime claims

9

Syed filed against another student. But whether the Chicago police had an obligation to investigate the alleged crimes and failed to do so are factual and legal questions distinct from the core of Syed's Complaint.

Syed states that Northwestern would have exonerated him if the police had investigated his complaints because they would have found exculpatory evidence needed to overturn his suspension. Whether or not this is the case, however, does not affect whether Chicago and the related defendants are themselves liable. That determination is distinct and isolated from Syed's issues with Northwestern. The Chicago defendants are not properly joined to this case and judicial economy supports their separation. They are dismissed without prejudice.

*FBI*

The last law enforcement agency Syed discusses is the FBI. Syed brings claims against the Bureau, Special Agent Boertie, and Task Force Officer Ferguson in relation to an interview that took place on January 21, 2021, after Syed's request for a preliminary injunction had been filed. The officers questioned Syed about several things, including his past criminal history, his eavesdropping complaint, and the no-contact order he allegedly violated. In the process, Syed claims that they violated his Fourth and Fifth Amendment rights. Syed asserts that the agents' visit was retaliation for his reporting of discrimination by Dugo to Northwestern.

Syed is seeking relief from these defendants for events that occurred after the original filing of this lawsuit. Determining whether the FBI is liable would not involve legal or factual questions shared by all the other defendants—the issues are limited

10

to the circumstances of his interrogation. Syed alleges that they were in some way retaliating against Syed for his previous actions, but a contextual connection is not enough to create a shared issue. Although Syed may pursue his claims against the FBI defendants in a separate lawsuit, they are not properly joined here.

*Cook County State Attorney's Office*

Syed brings several claims against the Cook County State's Attorney's Office; Kimberly M. Foxx, the State's Attorney; and Assistant State's Attorneys Kenneth Flesch and Elila Civella. Syed articulates two issues with the Cook County defendants. First, he says that he was harmed by the Office's de facto policy of not prosecuting eavesdropping crimes. Because of that policy, Syed was unable to get the Chicago Police Department to conduct the eavesdropping investigation he wanted. Second, he says that Flesch and Civella violated his rights by working with the Evanston Police Department to falsely charge him with violating the no-contact order protecting Dugo.

As discussed above, Syed's claims about the failure to investigate the eavesdropping and his arrest do not share common questions with the core issues raised in the Complaint. The Cook County defendants are not properly joined, and their inclusion does not promote judicial efficiency. Syed may, of course, seek relief from them separately, but not in this lawsuit. They are dismissed without prejudice.

*Maggie Hickey*

Finally, Syed has named Maggie Hickey, an attorney who represented Dugo in proceedings related to the no-contact order, in several counts. Syed's only

11

particularized allegation against Hickey is that she represented Dugo and other Northwestern administrators when Syed subpoenaed them. Here, again, the factual questions at issue are unrelated to core complaint. As with the previous defendants discussed, including Hickey in this lawsuit would make for a less efficient and economical process. Hickey is dismissed without prejudice.

## CONCLUSION

The federal claims against the following defendants are dismissed with prejudice: Usama Ibrahim; Osama Alkhawja; Muaaz Maksud; Adrienne Ou; Meegan Mayer; Ishani Choksi; Wren Chernoff; Andrew Lang-Reyes; Evangeline Gargula; Gloria Cange; Jake Besanceney; Tessa Weil; Jaina Solo. The Court declines to exercise supplemental jurisdiction over these defendants and so they are dismissed with prejudice. The following defendants are dismissed from this case without prejudice: the City of Evanston; the Evanston Police Department; Evanston police officers Jones, Cepiel, Pack, and Svendsen; the City of Chicago; the Chicago Police Department; and officers Ustaszewski and Coleman; the FBI; Special Agent Boertie; TFO Ferguson; the Cook County State's Attorney's Office; Kimberly M. Foxx; Kenneth Flesch; Elila Civella; and Maggie Hickey. Remaining in the lawsuit are the Illinois Board of Education; Northwestern University and affiliated individuals; the Northwestern Police Department and officers; Northwestern Memorial Hospital and medical staff; and several private attorneys. It is the Court's hope that by narrowing the scope of this lawsuit, consistent with the Federal Rules and the guidance of the Seventh Circuit, we will be better able to address the core issues related to Syed's suspension and expulsion from Northwestern. The Clerk of the Court shall mail a copy of this order to the plaintiff.

E N T E R:

Dated: May 6, 2021

_____
MARY M. ROWLAND
United States District Judge

13